IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY H. SCHIFF and MARK FISHER, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 3:21-cv-01109-M |
| JAMES WARD JR. and EDWIN E. CASTILLO, | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiffs Bobby H. Schiff and Mark Fisher's Motion for Sanctions against Defendant James Ward Jr. (ECF No. 59). For the reasons stated, the Court should GRANT the Motion, STRIKE Ward's Answer, and ENTER default judgment against Ward.

**Background**

On May 17, 2021, Plaintiffs filed their complaint alleging that Defendants James Ward Jr., Dane Koller, and Edwin E. Castillo violated federal and state securities laws and engaged in false advertising relating to a scheme involving Bitcoin investing.[1] Compl. 4-10 (ECF No. 1). More particularly, Plaintiffs allege that Defendants solicited them to invest bitcoin in a sports wagering network that

---

[1] On April 1, 2022, the Court entered default judgment against Koller, severed Plaintiffs' claims against him, and terminated him as a party to this action. Final Default J. (ECF No. 31); Order 1-3 (ECF No. 46).

1

would provide guaranteed distributions, but that in fact was an illegal pyramid scheme where Defendants stopped distributions to Plaintiffs and withheld their initial investments after a few months. Compl. 2-3. Ward, proceeding *pro se*, filed an answer denying all of Plaintiffs' allegations. Ward Answer 1 (ECF No. 16).

Thereafter, the Court ordered the parties to meet and confer regarding the contents of a proposed scheduling order. Order (ECF No. 17). But Ward failed to cooperate. *See* Joint Status Rep. I, at 1 (ECF No. 19) (stating that Plaintiffs "were not able to obtain input from Defendant Ward . . . as to various portions of th[e] Joint Report"). And Plaintiffs continued to encounter difficulties with Ward throughout discovery. *See* Mot. Sanctions 1-3 (ECF No. 59). Ward failed to serve his Rule 26(a) required disclosures, failed to answer any interrogatories, failed to produce any documents, and failed to appear for his deposition. Mot. Compel 3 (ECF No. 42). In view of these failures, Plaintiffs filed a Motion to Compel and for Sanctions. *See generally* Mot. Compel.

The Court required the parties to file a joint report regarding the status of discovery and set the Motion to Compel for a hearing on August 26, 2022. Order Setting Hearing 1-2 (ECF No. 47). At their conference and in the joint report, Ward represented to Plaintiffs and the Court that, by August 24, 2022, he would serve his required disclosures, answer interrogatories, produce responsive documents, and appear at a deposition by Zoom. Joint Report II, at 1-2 (ECF No. 50). However, Ward failed to follow through as represented and failed to attend the August 26 hearing. Minute Entry (ECF No. 52).

The Court then issued an Order to Show Cause, requiring Ward to respond in writing as to why he should not be sanctioned under Rule 16 and Rule 37 for disobeying a court order to attend the hearing. Order Show Cause 1 (ECF No. 54). Ward did not respond to the Show Cause Order. Accordingly, the Court granted Plaintiffs' Motion to Compel and for Sanctions, ordered Ward to respond to Plaintiffs' discovery requests by September 9, ordered Ward to appear for a deposition on September 14, and awarded Plaintiffs' attorneys' fees associated with the discovery failures pursuant to Rule 37. Order Granting Mot. Compel 1-2 (ECF No. 57). To date, Ward has not complied with any part of the Court's Order. Mot. Sanctions 3.

On October 26, Plaintiffs filed the pending Motion for Sanctions asking the Court to (1) strike Ward's answer under Rule 37(b)(2)(A)(iii), (2) enter a default judgment against Ward under Rule 37(b)(2)(A)(vi), and (3) award attorneys' fees under Rule 16(f) and Rule 37(b)(2)(C). Mot. Sanctions 1. Plaintiffs represent that they attempted to confer with Ward about any opposition to the Motion for Sanctions twice but received no response. Mot. Sanctions 8. Ward has not filed any response to the Motion on the docket. Therefore, the Court considers the Motion without the benefit of a Response.

**Legal Standards**

Motions for default judgment are "committed to the discretion of the district judge." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)). Rule 16(f) provides that "[o]n motion or on its

own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney fails to appear at a scheduling or other pretrial conference . . . or fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2) allows the district court to "strik[e] pleadings in whole or in part" and "render[] a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). "A default judgment or dismissal under Rule 37(b) requires a clear record of delay or contumacious conduct." *Fazeli v. Saleh*, 2018 WL 4539093, at *2 (N.D. Tex. Sept. 21, 2018) (Boyle, J.) (quoting *Compass Bank v. Villarreal*, 2011 WL 1740270, at *5 (S.D. Tex. May 5, 2011)). For a court to enter default judgment for failure to comply with discovery orders under Rule 37(b), the Fifth Circuit directs courts to consider:

> (1) whether the violation was willful or in bad faith rather than simply due to inability to comply, (2) whether less drastic sanctions would effect the goals of Rule 37(b), (3) whether the violation prejudiced the opposing party's trial preparation, and (4) whether the client knew of or participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney.

*U.S. For Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1013 (5th Cir. 1987). The district court must also "consider expressly the effectiveness of less severe sanctions." *Id.* at 1014. When these factors are met, "the court may enter default judgment against the defendant under Rule 55." *Fazeli*, 2018 WL 4539093, at *2. Although considered a "draconian" remedy of "last resort," courts may enter default to "deter litigants from flouting discovery orders in the future." *Shipco Gen., Inc.*, 814 F.2d at 1014.

## Analysis

Plaintiffs have moved the Court to strike Defendant Ward's Answer and to enter default judgment. Mot. Sanctions 7. They also seek reasonable attorneys' fees incurred as a result of Ward's discovery failures. Mot. Sanctions 6-7. The Court considers the four *ShipCo* factors regarding default judgments and then turns to the request for attorneys' fees.

First, the record indicates that Ward's conduct throughout discovery is willful and in bad faith. Ward previously represented he was able to and would comply with his discovery obligations, *see* Joint Report II, at 1-2, but he has yet to produce any of the agreed-upon documents or responses, *see* Mot. Sanctions 3. Without any explanation, he contravened his own representations that he would respond to Plaintiffs' discovery requests in August 2022. Mot. Sanctions 1-3. Ward also has disobeyed at least five court orders, as he did not (i) meaningfully participate in the scheduling conference, *see* Order Sch. Conf. (ECF No. 17), (ii) participate in initial discovery, *see* Sch. Order (ECF No. 30), (iii) appear at the court-ordered hearing on Plaintiff's Motion to Compel, *see* Order Setting Hearing (ECF No. 47), (iv) respond to the Court's Order to Show Cause, *see* Order Show Cause (ECF No. 54), or (v) pay any of the sanctions previously awarded by the Court for his discovery failures, *see* Order Granting Mot. Compel (ECF No. 57). There is no suggestion Ward's failure to participate in this case is due to mere mistake or negligence, as he is aware of and participated in at least one discovery conference. Thus, the record warrants a finding of willful misconduct and bad

faith. *See Henderson v. Fenwick Protective, Inc.*, 2015 WL 5165134, at *6 (N.D. Tex. Sept. 2, 2015) (striking a Defendant's answer due to lack of participation even without a motion to compel); *Albe v. Lenter*, 2019 WL 7558136, at *5 (E.D. La. Nov. 5, 2019) (granting motion for striking Defendant's answer when Defendant failed to attend depositions or any Court-ordered hearing).

As to the second factor, the Court should find that less drastic sanctions are insufficient to achieve the goal of Rule 37(b) to encourage cooperation in discovery. The Court has already sanctioned Ward and awarded attorneys' fees for his failure to comply with his discovery obligations. *See* Order Granting Mot. Compel 1-2. Despite these sanctions, Ward continues to violate court orders and neglect his discovery obligations. He did not respond to Plaintiffs' Motion for Sanctions. Other sanctions allowed under Rule 37, such as staying proceedings, would only further prejudice Plaintiffs' interests and reward Ward for dodging his discovery duties. Order Granting Mot. Compel 1-2. Thus, the Court should find that lesser sanctions would not achieve Rule 37(b)'s goal.

The third factor also favors entering a default judgment as a sanction. Plaintiffs have already been forced to delay the case for approximately six months due to Ward's recalcitrant behavior, and they have not yet been able to depose him—even after the Court ordered a deposition. *See* Mot. Ext. Deadlines 2-3. Plaintiffs have expended time and incurred expense in attempting to confer with Ward and they have yet to receive *any* discovery. Ward remains nonresponsive. Therefore, the Court should find that the delay has prejudiced the Plaintiffs.

Finally, although Ward is proceeding *pro se*, he is aware of his obligations in this matter and he is responsible for own actions. Ward Answer 1. Ward has been notified of, and sanctioned for his disregard for, this Court's rules and his obligations in this case. The Court already made him aware of his duties in this lawsuit—and the penalties for avoiding them—through its previous orders. *See* Order Show Cause 1. Ward's failures cannot be attributed to any attorney, only Ward himself.

Accordingly, the record demonstrates Ward's clear delay and contumacious conduct, such that striking Ward's answer and entering default judgment is proper.

Further, Rule 37 provides that "in addition to [] sanctions [under Rule 37(b)(2)(A)(i)-(vi)], the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Ward has not proffered any reason for his failure to participate in the discovery process, and therefore Plaintiffs are also entitled to attorneys' fees associated with Ward's discovery failures. Accordingly, the Court should also order Ward to pay Plaintiffs' attorneys fees associated with this Motion as required by Rule 37.

## Recommendation

The Court should GRANT Plaintiffs' Motion for Sanctions (ECF No. 59), STRIKE Ward's Answer, and ENTER default judgment against Ward. The Court

7

should also ORDER Ward to pay Plaintiffs' attorneys' fees associated with this Motion.

**SO RECOMMENDED**.

December 19, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Svcs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).